UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CAUSE NO. 1:98-cr-00038-LJM-KPF |
| ) | |
| DENNIS JONES, a/k/a "Denny Mo", ) | |
| a/k/a "Rick York", ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

Now comes the United States of America by counsel Joseph H. Hogsett, United States Attorney, and Melanie C. Conour, Assistant United States Attorney, and presents the following argument in opposition to the defendant's motion:

**PROCEDURAL BACKGROUND**

1. Contrary to the assertions of the defendant, Dennis Jones (Jones), he is not "currently serving a term of imprisonment imposed following his plea of guilty to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine." Jones did not enter a plea of guilty and he was neither charged nor convicted of a "conspiracy to possess and distribute 50 grams or more of crack cocaine."

2. Jones was convicted of drug trafficking and money laundering following a trial by jury that began on July 7, 1999, and concluded September 4, 1999. More specifically, Jones was one of thirteen defendants charged by a superseding indictment returned on June 30, 1998, and after only two defendants entered pleas of guilty, he was tried with the other ten remaining co-

defendants. Jones was convicted of Count One, conspiring, from in or around 1992, through and including late 1997 or early 1998, to possess with intent to distribute and to distribute more than five kilograms of cocaine, a Schedule II, Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. Jones was also convicted of Count Seven, conspiring to launder the proceeds of that conspiracy, in violation of Title 18, United States Code, Sections 1956 (a)(1)(A)(I) and (h).

     3. Jones was sentenced to life imprisonment on December 10, 1999, pursuant to the United States Sentencing Guidelines, Section 2D1.1 (d)(1), which cross referenced U.S.S.G., Section 2A1.1, murder of a government informant. Jones' conviction was affirmed but sentence vacated and remanded for sentencing without application of the murder cross-reference, concerning the murder of a confidential informant which Jones assisted in cleaning up and attempting to conceal.

     4. On November 15, 2002, Jones was re-sentenced. Jones' applicable sentencing range was based on a *conservative estimate* that Jones was personally accountable for 50 to 150 kilograms of powder cocaine *and at least* 1.5 kilograms of crack cocaine. No more specific finding of amounts attributable to Jones was made, as none was necessary. The amounts placed Jones in level 38, the highest level available on the sentencing guidelines table, under U.S.S.G., Section 2D1.1(c)(1). Jones sentencing range was further enhanced based upon the possession and use of firearms.

     5. Jones unsuccessfully moved for a sentence reduction based on the retroactive sentencing guideline amendment effective in 2007. Jones now asserts that he should receive the benefit of the newly amended, and retroactive, sentencing guideline for crack cocaine effective

in 2011. Jones' argument is factually inaccurate and without merit. Not only was Jones sentenced in regard to both powder and crack cocaine, the weight of these controlled substances, even under the last amended guideline applicable to crack cocaine, does not warrant a lesser sentence.

      6. Trial testimony tied Anthony Spradley to 500 to 1,000 kilograms of cocaine during the course of the charged conspiracy of which he was the leader and Jones was a trusted member of the conspiracy from beginning to end. Willie Boddie, another leader of the conspiracy with whom Jones resided and worked in transporting, storing and distributing powder and crack cocaine, was tied by trial testimony to at least 500 kilograms of cocaine. The testimony further evidenced that on more than one occasion, Boddie cooked four to five kilograms of powder cocaine into crack at a time. Jones was present on at least one of these occasions in 1995, as noted in paragraph 29, of Jones' Pre-Sentence Investigation Report. Jones was a full-term, trusted confidant of the leaders of the conspiracy, a participant with first hand knowledge of the quantities of powder and crack cocaine passing through the hands of the conspiracy. Therefore, the evidence established that Jones should be held accountable for no less than the high end of the conservative drug quantity estimates referenced in the Pre-Sentence Investigation Report as attributable to him.

      7. 150 kilograms of powder cocaine converts to 30,000 kilograms of marijuana and warrants imposition of a sentence at level 38 of the sentencing guideline table, under U.S.S.G., Section 2D1.1(c)(1), without reference to the crack cocaine Jones was also responsible for possessing and distributing. Adding the conservatively estimated least amount of crack cocaine

for which Jones is accountable, the combined, marijuana equivalent is 35,356 kilograms, level 38.

      8. Therefore, the amendment to the sentencing guidelines for crack cocaine does not change the level at which Jones is to be sentenced. Jones is responsible for and correctly sentenced at base offense level 38, pursuant to U.S.S.G., Section 2D1.1, as amended, and further enhanced by two levels for possession of firearms. Jones' assertion that his sentence should be modified based upon the retroactive amendment to the sentencing guidelines concerning crack cocaine is without merit and should be denied.

      WHEREFORE, the government requests the Court to deny the defendant's motion for relief pursuant to 21 U.S.C. § 3582.

                                  Respectfully submitted,

                                  JOSEPH H. HOGSETT,
                                United States Attorney

                              S:/Melanie C. Conour
            By:   Melanie C. Conour
                    Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2012, a copy of the foregoing Government Response in Opposition to Motion For Relief Pursuant to Title 18, United States Code, Section 3582(c) was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Juval Scott
    Indiana Federal Community Defenders, Inc.
    juval.scott@fd.org

    By:    S:/Melanie C. Conour
            Melanie C. Conour
            Assistant United States Attorney
            Office of the United States Attorney
            10 W. Market St., Suite 2100
            Indianapolis, Indiana 46204-3048
            Telephone: (317) 226-6333
            Fax: (317) 226-6125
            E-mail:  Melanie.Conour@usdoj.gov